**Jon P. Stride**
OSB No. 90388
Email: jons@tonkon.com
TONKON TORP LLP
1600 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204-2099
Direct Dial:        503.802.2034
Direct Fax:        503.972.3734

**Adrian M. Pruetz** (*pro hac vice* application pending)
Email: adrianpruetz@quinnemanuel.com
**Scott B. Kidman** (*pro hac vice* application pending)
Email: scottkidman@quinnemanuel.com
QUINN EMANUEL URQUHART
 OLIVER & HEDGES, LLP
865 S. Figueroa Street
10th Floor
Los Angeles, CA 90017-2543
Telephone:        213.443.3000
Fax:                213.443.3100

        Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NIKE, INC., an Oregon corporation,** | Civil No. |
| Plaintiff, | **COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT OF TRADEMARK AND DECLARATION OF NON-DILUTION OF TRADEMARK** |
| vs. | |
| **ADIDAS AMERICA, INC., a Delaware corporation; and ADIDAS-SALOMON AG, a German corporation,** | *Demand For Jury Trial By Plaintiff* |
| Defendants. | |

* * * * *

Page 1 –   COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT OF TRADEMARK AND
        DECLARATION OF NON-DILUTION OF TRADEMARK

Plaintiff Nike, Inc. ("Nike") complains of defendants and alleges as follows:

### Introduction

1.     In 1962, legendary University of Oregon track & field coach Bill
Bowerman and Phil Knight, a University of Oregon business student and middle-distance
runner under Coach Bowerman, founded the predecessor to plaintiff Nike, Inc.  Nike has
since grown into the leading brand of athletic footwear and apparel in the United States and
throughout the world.  Nike is also a leader in the sports equipment marketplace.  Nike owns
several of the world's best-known trademarks, such as Nike's Swoosh design trademark and
NIKE trademark.  Nike typically applies these or its other highly distinctive trademarks to its
garments to identify their source, as well as applying various design elements to decorate and
embellish the garments, including but not limited to ornamental stripes.

2.     Defendant adidas-Salomon AG is a German entity that is one of Nike's
main competitors in the market for athletic gear worldwide.  adidas-Salomon AG's
subsidiary, defendant adidas America, Inc., promotes and distributes adidas-Salomon AG's
products in the United States.  (adidas-Salomon AG and adidas America, Inc. are hereafter
referred to collectively as "adidas").  adidas also owns several trademarks, including
trademark registrations covering a specific pattern of three equally-sized, equally-spaced
parallel stripes applied to particular locations on apparel products, which adidas refers to as
its "Three-Stripe Mark."  However, adidas does not have the right to the exclusive use of two
stripes, nor the use of decorative striping on athletic apparel for design, descriptive, or
source-identifying purposes.

3.     Stripes have been widely and commonly used as a design element in
athletic apparel for decades, if not centuries.  Stripes were and are routinely applied to
athletic apparel not as an indication of source, but as decoration or embellishment, and/or to

Page 2 –   COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT OF TRADEMARK AND
DECLARATION OF NON-DILUTION OF TRADEMARK

indicate that the apparel is intended for use in athletics. adidas itself often uses stripes as ornamentation rather than as a source identifier.

4.    Nonetheless, adidas has brought actions in this judicial district against third parties, and actions in Germany and in the Netherlands against several of Nike's foreign subsidiaries, in which adidas has alleged that the use of multiple stripes on athletic apparel and footwear infringes and dilutes adidas's trademarks. In the German action, for example, adidas alleged that, among other things, Nike's use of *two* stripes on athletic pants derogated adidas's intellectual property rights under German law.

5.    Like many other apparel manufacturers, Nike has sold apparel within the United States that include stripes, and sometimes two stripes, as design elements. The design elements have never been used as source identifiers; rather, Nike indicates that it is the source of such garments by consistently employing on its garments one or more of Nike's well known trademarks, such as the Swoosh design trademark, the NIKE trademark, the JUST DO IT. trademark, the composite NIKE and Swoosh design trademark, the Basketball Player Silhouette (aka "Jumpman") design trademark, or other trademarks that contain NIKE in various iterations (*e.g.*, NIKE SOCCER, NIKE AIR or NIKETOWN). There is simply no likelihood that a consumer viewing a garment bearing one of Nike's well-known and highly distinctive marks will be confused as to the source of those goods, even if those goods also happen to include decorative stripes as embellishment. Accordingly, Nike is not infringing adidas's trademark rights under U.S. law. Nor does Nike's use of stripes as a design element dilute any adidas trademark.

6.    After having recently prevailed in the German court of first instance against Nike's foreign subsidiaries, and alleged in numerous lawsuits brought in this district that decorative striping infringes and dilutes its trademarks, adidas has attempted to expand its rights to discourage the use of decorative striping that adidas has no right to protect.

adidas undoubtedly plans to bring suit against Nike pursuant to U.S. law at a time and place convenient solely to adidas. Nike, however, requires immediate certainty that it is not impinging on adidas's rights. Accordingly, Nike respectfully requests a judicial declaration of its rights under the laws of the United States and the State of Oregon regarding its decorative use of stripes on athletic apparel.

### Jurisdiction and Venue

7.     This action arises under the Trademark Act of 1946, 15 USC §§ 1051 *et seq.*; and the Declaratory Judgment Act, 28 USC § 2201(a). Accordingly, this Court has subject matter jurisdiction pursuant to 28 USC §§ 1331 and 1338(a).

8.     This Court has personal jurisdiction over defendant adidas America, Inc. because it resides within this district. This Court has personal jurisdiction over defendant adidas-Salomon AG because, among other things, it has repeatedly availed itself, and continues to avail itself, of this forum to enforce its alleged intellectual property rights.

9.     Venue lies in this district pursuant to 28 USC § 1391(b), as a substantial part of the events giving rise to Nike's claims occurred within this district, and, in any event, defendant adidas America, Inc. maintains its principal place of business within this district.

### Parties

10.     Plaintiff Nike, Inc. is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business in Beaverton, Oregon.

11.     Nike is informed and believes that defendant adidas-Salomon AG is a joint stock company organized and existing under the laws of Germany, with its principal place of business in Herzogenaurach, Germany.

12.     Nike is informed and believes that defendant adidas America, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal

place of business in Portland, Oregon.  Upon information and belief, adidas America, Inc. is
wholly owned by defendant adidas-Salomon AG, and markets and distributes adidas-
Salomon AG's products in the United States on its behalf.

### Factual Background

13.    Nike's sells a wide array of athletic apparel that invariably incorporates
Nike's famous Swoosh design trademark, or other highly distinctive and recognizable
trademarks and logos, to identify Nike as the products' source.  Three of these are displayed
below:

1.



2.



Nike's SWOOSH design trademark

Nike's "Jumpman" basketball
silhouette trademark

3.

# JUST DO IT.

Nike's Just Do It. trademark

14.    Nike also employs various ornamental design elements—which have
no source identifying function whatever—to decorate its apparel.  For example, for more
than two years in the United States, Nike has used ornamental stripes on its athletic clothing,

Page 5 –   COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT OF TRADEMARK AND
           DECLARATION OF NON-DILUTION OF TRADEMARK

such as two vertical stripes the entire length of a pants leg:



15.    adidas has long been one of Nike's main competitors in the market for athletic gear worldwide.  One of adidas's trademarks is a design consisting of three equally-sized, equally-spaced parallel stripes, which it refers to as its "Three-Stripe Mark":



16.    On some (but not all) of adidas's apparel products, adidas employs a variation of its Three-Stripe Mark.  adidas applies to such apparel an elongated pattern of three equally-sized, equally-spaced, parallel stripes, specifically on the outer sleeve (from shoulder to cuff) or outer pant leg (from waist to cuff).  Upon information and belief, adidas-Salomon AG owns, either directly or through a subsidiary, trademark registrations issued by the United States Patent and Trademark Office covering this pattern, including the following (hereafter the "Three-Stripe Apparel Marks"):

* * * * *

* * * * *

Page 6 –   COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT OF TRADEMARK AND
         DECLARATION OF NON-DILUTION OF TRADEMARK

| Registration No. | Date of Registration |
|---|---|
| 870,136 | May 27, 1969 |
| 2,016,963 | November 19, 1996 |
| 2,058,619 | May 6, 1997 |
| 2,278,591 | September 21, 1999 |
| 2,284,308 | October 12, 1999 |

For example, adidas's Registration No. 2,278,591 is for the following pattern:



17.     adidas has brought numerous lawsuits in the United States District

Court for the District of Oregon against third parties, allegedly to enforce its rights in these

marks. Such lawsuits include but are not limited to:

| Case | Case No. | Filed |
|---|---|---|
| ADIDAS AMERICA, INC., et al. vs. POLO RALPH LAUREN CORPORATION | CV04-1124 | August 13, 2004 |
| ADIDAS AMERICA, INC., et al. vs. ABERCROMBIE & FITCH CO. | CV04-1866 | December 23, 2004 |
| ADIDAS AMERICA, INC., et al. vs. REDCATS USA, INC. | CV05-211 | February 14, 2005 |
| ADIDAS AMERICA, INC., et al. vs. LITTLE LADY SPORTSWEAR, INC. | CV05-351 | March 11, 2005 |

Page 7 –   COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT OF TRADEMARK AND
            DECLARATION OF NON-DILUTION OF TRADEMARK

18.     However, upon information and belief, no U.S. court has rendered a decision on the merits in favor of adidas that apparel bearing two stripes (or any other amount of stripes more or less than three) infringes or dilutes adidas's Three-Stripe Apparel Marks or other trademarks under federal law or the law of any state.

19.     adidas nonetheless has asserted in a number of its actions that, in essence, it has the right to prevent others from using multiple stripes on athletic apparel.  For example, in adidas America, Inc., *et al.* v. Polo Ralph Lauren Corporation, Case No. CV04-1124, adidas claimed that the defendant offered for sale a jacket bearing two stripes running the entire length of the sleeve of the jacket, and that the defendant therefore had infringed and diluted adidas's Three-Stripe Apparel Marks.  The action was dismissed by adidas less than three months after filing.

20.     Notwithstanding adidas's claims, numerous persons and entities have employed stripes decoratively and ornamentally on apparel for decades, if not centuries. Stripes are also employed descriptively on athletic apparel to indicate that the goods are intended or suitable for use in athletics and sports activities.

21.     adidas's Three-Stripe Apparel Marks lack inherent distinctiveness, as they are comprised merely of the longstanding and commonplace design element of stripes, which have historically adorned the apparel of many manufacturers.  Although adidas's use and registration of specific three-stripe patterns applied to certain specific locations on apparel entitle it to some degree of trademark protection, this protection must be carefully tailored so as not to unduly narrow the public domain or to deprive others of the right to continue the decades-old practice of using stripes ornamentally and/or descriptively on apparel.

22.     Indeed, adidas itself uses ornamental stripes on its athletic apparel for decorative and/or descriptive purposes, even on garments that also bear its three-stripe trademark:



23.     In other cases, adidas uses stripes on apparel in a seemingly random manner that leaves it unclear as to whether the stripes are present to indicate origin or merely to adorn and embellish the garment:

1.


2.


* * * * *

* * * * *

3.

4.





24.     Thus, adidas has itself blurred the line between its proprietary use of stripes to indicate origin, and the commonplace decorative and/or descriptive use of stripes to embellish product or indicate athletic apparel, to which all competitors are entitled.  adidas should not be permitted to narrow or preclude the longstanding and commonplace use of stripes on athletic apparel to its own commercial advantage.

25.     adidas also has prosecuted trademark claims against Nike in Germany, in a transparent effort to obtain relief in a favorable forum.  On June 17, 2004, adidas-Salomon AG brought suit against two subsidiaries of Nike—Nike International Ltd. and Nike Retail B.V.—in the Regional Court of Cologne in Germany, alleging that two-stripe apparel sold by Nike infringes adidas's intellectual property rights in the Three-Stripe Mark under German law.  In Germany, a civil defendant may not seek discovery and has no right to jury trial.  On January 20, 2005, the German court, which is the court of first instance, entered judgment in favor of adidas-Salomon AG.  Nike plans to appeal that decision.

26.     Furthermore, adidas has brought a similar action against Nike's foreign subsidiaries in the Netherlands in which adidas also alleges that Nike has infringed the

Three-Stripe Mark by virtue of marketing and selling athletic apparel bearing two stripes. That tribunal has not yet rendered judgment.

27.    Notwithstanding adidas's claims advanced in its European actions, as well as adidas's claims against third parties in this judicial district, Nike has not infringed or diluted, and does not infringe or dilute, adidas's Three-Stripe Apparel Marks under the trademark laws of the United States or the laws of the State of Oregon.  Although Nike has used multiple stripes on its athletic gear, they are used only as a design element and not to identify the product's source.  Moreover, even if consumers considered Nike's use of stripes as a source identifier, consumers can readily distinguish the difference between equally-sized, equally-spaced parallel three stripes and other patterns containing multiple stripes other than three.  Further, stripes have been a ubiquitous design element in athletic apparel before either adidas or Nike began using them.  This long-standing and widespread use of stripes on apparel, by adidas and by third parties, both before and since adidas adopted the Three-Stripe Apparel Marks, suggests that the scope of any protection for adidas's mark is, and must be kept, narrow.  In light of these facts, and numerous others to be presented in this case, there is no likelihood of confusion in the marketplace between Nike's use of two stripes, or the use of decorative striping on athletic apparel, and adidas's design mark.

### FIRST CLAIM FOR RELIEF

(Declaration of Non-Infringement of Trademark—28 USC § 2201)
(Against All Defendants)

28.    Nike incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, above, as though set forth at length.

29.    adidas has brought suit against third parties in this district, alleging that apparel bearing a two-stripe decorative embellishment—such as those employed on Nike's apparel—infringes adidas's Three-Stripe Apparel Marks.  adidas also has brought suit against Nike's subsidiaries in Germany and in the Netherlands on the theory that Nike's

clothing bearing two stripes infringes adidas's Three-Stripe Apparel Marks under the laws of foreign nations. Therefore, an actual controversy has arisen and exists between Nike, on the one hand, and adidas, on the other hand, with respect to whether Nike has infringed and is infringing adidas's Three-Stripe Apparel Marks.

30.    In fact, Nike has not infringed and is not infringing, directly or indirectly, contributorily, by inducement or otherwise, adidas's Three-Stripe Apparel Marks. Among other things, Nike's use of two stripes, or other decorative striping, on its apparel is not likely to cause confusion in the marketplace. adidas does not have the right to exclusive use of two stripes, nor the use of decorative striping on athletic apparel for design, descriptive, or source-identifying purposes.

31.    Even if there were likelihood of confusion between Nike's use of two stripes, or other decorative striping, on athletic apparel and the adidas Three-Stripe Apparel Marks, Nike could not be held liable for trademark infringement because Nike's use of such stripes on athletic apparel is a "fair use." Such stripes merely serve to indicate descriptively the garment's purpose for use in athletics. Nike has done nothing to suggest sponsorship or endorsement by adidas of its athletic apparel.

32.    Even if there were a likelihood of confusion between Nike's use of two stripes, or other decorative striping, on athletic apparel and adidas's Three-Stripe Apparel Marks, Nike could not be held liable for trademark infringement because the doctrine of laches precludes any such lawsuit. Nike and others have long marketed and sold athletic apparel bearing ornamental stripes, and adidas has known or should have known of such activity for more than two years.

33.    Accordingly, Nike requires a judicial determination of the rights and duties of the parties under the laws of the United States (including but not limited to 15 USC §§ 1114 and 1125(a)), the laws of the State of Oregon and the common law with respect to

the use of stripes on athletic apparel, and a declaratory judgment that Nike's use of such stripes does not infringe, directly or contributorily, any valid and protectable design mark held by adidas.

34.     adidas's continued attempts to broaden its trademark rights beyond its specifically registered marks, among other things, entitle Nike to recover its attorneys' fees under 15 USC § 1117(a).

## SECOND CLAIM FOR RELIEF

(Declaration of Non-Dilution of Trademark—28 USC § 2201)
(Against All Defendants)

35.     Nike incorporates herein by reference each and every allegation contained in paragraphs 1 through 27, above, as though set forth at length.

36.     adidas has brought suit against third parties in this district, alleging that apparel bearing two stripes—such as Nike's—dilutes adidas's Three-Stripe Apparel Marks.  adidas also has brought suit against Nike's subsidiaries in Germany and in the Netherlands on the theory that Nike's clothing bearing two stripes infringes on the Three-Stripe Apparel Marks under the laws of foreign nations.  Therefore, an actual controversy has arisen and exists between Nike, on the one hand, and adidas, on the other hand, with respect to whether Nike has diluted and is diluting adidas's Three-Stripe Apparel Marks.

37.     Nike, however, has not diluted and is not diluting, directly or indirectly, contributorily, by inducement or otherwise, the Three-Stripe Apparel Marks.

38.     Even if Nike's use of two stripes, or other decorative striping, on athletic apparel had caused actual dilution of the Three-Stripe Apparel Marks, Nike could not be held liable for trademark dilution because the doctrine of laches precludes any such lawsuit.  Nike and others have long marketed and sold athletic apparel bearing ornamental stripes, and adidas has known or should have known of such activity for more than two years.

Page 13 – COMPLAINT FOR DECLARATION OF NON-INFRINGEMENT OF TRADEMARK AND DECLARATION OF NON-DILUTION OF TRADEMARK

39.    Accordingly, Nike requires a judicial determination of the rights and duties of the parties under the trademark laws of the United States (including but not limited to 15 USC § 1125(c)), the laws of the State of Oregon (including but not limited to the Oregon anti-dilution act, ORS 647.107), and the common law with respect to the use of stripes on athletic apparel, and a declaratory judgment that Nike's use of two stripes does not dilute, directly or contributorily, any valid and protectable design mark held by adidas.

40.    adidas's continued attempts to broaden its trademark rights beyond its specifically registered marks, among other things, entitle Nike to recover its attorneys' fees under 15 USC § 1117(a).

WHEREFORE, Nike demands judgment:

1.    That the Court issue a declaration that Nike's use of two stripes or decorative striping on athletic apparel does not infringe, directly or contributorily, any valid and protectable design mark held by adidas under the laws of the United States, the laws of the State of Oregon, or the common law;

2.    That the Court issue a declaration that Nike's use of decorative stripes on athletic apparel does not dilute, directly or contributorily, any valid and protectable design mark held by adidas under the laws of the United States, the laws of the State of Oregon (including but not limited to the Oregon anti-dilution act, ORS 647.107), or the common law;

3.    That the Court award Nike its reasonable attorneys' fees pursuant to 15 USC § 1117(a);

* * * * *

* * * * *

* * * * *

* * * * *

* * * * *

4.  That Nike be awarded its costs of suit; and

5.  That Nike have such other and further relief as the Court deems just

and proper.

DATED:  April 19, 2005.

TONKON TORP LLP

By _____

Jon P. Stride, OSB No. 90388
Telephone:  503.802.2034
Facsimile:  503.972.3734
Email:  jons@tonkon.com

QUINN EMANUEL URQUHART
   OLIVER & HEDGES, LLP
   Adrian M. Pruetz (*pro hac vice* application
   pending)
   Email:  adrianpruetz@quinnemanuel.com
   Scott B. Kidman (*pro hac vice* application pending)
   Email:  scottkidman@quinnemanuel.com
   Telephone:       213.443.3000
   Fax:                213.443.3100
   Attorneys for Plaintiff