IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| NIKE, INC., an Oregon corporation,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ADIDAS AMERICA, INC., a Delaware corporation; and ADIDAS-SALOMON AG, a German corporation,<br><br>　　　　Defendants. | CV 05-541-BR<br><br>OPINION AND ORDER |

JON P. STRIDE
Tonkon Torp LLP
888 S.W. Fifth Avenue, Suite 1600
Portland, OR 97204
(503) 221-1440

ADRIAN M. PRUETZ
SCOTT B. KIDMAN
Quinn Emanuel Urquhart Oliver & Hedges, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000

　　　　Attorneys for Plaintiff

1 - OPINION AND ORDER

**STEPHEN M. FELDMAN**
Perkins Coie LLP
1120 N.W. Couch Street, 10th Floor
Portland, OR  97209
(503) 727-2058

**JERRE B. SWANN**
**WILLIAM H. BREWSTER**
**R. CHARLES HENN, JR.**
Kilpatrick Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, GA 30309
(404) 815-6500

Attorneys for Defendants

**BROWN, Judge.**

This matter comes before the Court on separate Motions to Dismiss filed by Defendants adidas America, Inc. and adidas-Salomon AG (#10, #30) and two Requests for Judicial Notice filed by Plaintiff (#20, #38).

Plaintiff Nike, Inc., brings this action against Defendants to obtain a declaration that Nike has not infringed or diluted Defendants' trademark.

For the reasons that follow, the Court **GRANTS** Plaintiff's Requests for Judicial Notice and **DENIES** Defendants' Motions.

### PLAINTIFF'S COMPLAINT

Adidas-Salomon AG is a German company and the owner of several trademarks, including its well-known "Three-Stripe Mark," which consists of three equally-sized, equally-spaced parallel

stripes applied to particular locations on apparel products. adidas America, Inc., is a subsidiary of adidas-Salomon and is an authorized distributor of merchandise in the United States that bears various adidas-Salomon trademarks, including the Three-Stripe Mark. Both adidas America and adidas-Salomon[1] have brought various actions in United States courts to enforce rights in the Three-Stripe Mark, but neither entity has brought a trademark infringement action against Nike in the United States.

Nike alleges it produces garments that incorporate a two-stripe design. Nike seeks a declaration from the Court that Nike's use of two stripes in apparel designs does not infringe or dilute adidas's Three-Stripe Mark.

## STANDARDS

On a motion to dismiss under Fed. R. Civ. P. 12(b), all allegations in the complaint are considered true and are construed in the plaintiff's favor. *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir.), *cert. denied,* 120 S. Ct. 499 (1999). A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

---

[1] The Court refers to both Defendants collectively as "adidas."

3 - OPINION AND ORDER

him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

When deciding a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the court may look beyond the pleadings and examine affidavits and other documents to resolve the issue of subject matter jurisdiction. *Berardinelli v. Castle & Cooke, Inc.*, 587 F.2d 37 (9th Cir. 1978). If a plaintiff's proof of jurisdictional facts is limited to written materials, it is necessary only for these materials to establish a *prima facie* showing of jurisdiction. *Societe de Conditionnement en Aluminium v. Hunter Eng'g Co., Inc.*, 655 F.2d 938, 942 (9th Cir. 1981) (citing *Data Disc, Inc. v. Sys. Tech. Assoc., Inc.*, 557 F.2d 1280, 1284-85 (9th Cir. 1977). Under this standard, the plaintiff need only demonstrate facts that if true would support a finding of jurisdiction in order to avoid a motion to dismiss. *Data Disc, Inc.*, 557 F.2d at 1285. *See also*, *Ballard v. Savage*, 65 F.3d 1435, 1498 (9th Cir. 1995).

Plaintiff has the burden to establish that the court has subject matter jurisdiction. *Ass'n of American Med. Coll. v. United States*, 217 F.3d 770 (9th Cir. 2000).

### DISCUSSION

adidas moves to dismiss Nike's Complaint on the ground that Nike has failed to establish this Court has subject matter

4 - OPINION AND ORDER

jurisdiction. Specifically, adidas contends there currently is not an actual case or controversy between adidas and Nike.

The Declaratory Judgments Act provides: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, . . . may declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). Jurisdiction to award declaratory relief exists only in the case of actual controversy. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994). The "actual controversy" requirement is identical to the case or controversy requirement of Article III of the United States Constitution. *Id.* "'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" *Wickland Oil Terminals v. Asarco, Inc.*, 792 F.2d 887, 893 (9th Cir. 1986)(quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)).

In the case of a patent or trademark dispute, the case or controversy requirement is satisfied when "'the plaintiff has a real and substantial apprehension that he will be subject to liability'" if he continues to manufacture his product. *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393, 396 (9th Cir. 1982)(quoting *Societe*, 655 F.2d at 944). The plaintiff need

5 - OPINION AND ORDER

not establish the defendant has made an explicit threat of litigation, but the plaintiff must demonstrate the defendant's conduct rises to a level sufficient to indicate an intent to enforce its rights; *i.e.,* to initiate an infringement action. *O'Hagins, Inc. v. M5 Steel Mfg., Inc.*, 276 F. Supp. 2d 1020, 1025 (N.D. Cal. 2003)(citing *EMC Corp. v. Norand Corp.*, 89 F.3d 807, 811 (Fed. Cir. 1996)(internal quotations omitted). The test is an objective one; that is, the subjective impressions of the plaintiff are insufficient to satisfy the requirement. *Arrowhead Indus. Water, Inc. v. Ecolochem, Inc.*, 846 F.2d 731, 736 (Fed. Cir. 1988). "Rather, the court must find objective facts indicating the intent of the patentee to enforce its patent, considering the totality of the circumstances at the time the complaint was filed." *Teva Pharm. USA, Inc. v. Abbott Laboratories,* 301 F. Supp. 2d 819, 822 (N.D.Ill. 2004).

adidas contends an actual controversy does not exist because when Nike filed its Complaint in this case, Nike did not have the requisite real and substantial apprehension that adidas would bring a trademark-infringement action in the United States. Nike, however, asserts it reasonably fears a trademark-infringement action by adidas in the United States based on three factors: (1) adidas's litigation against Nike's foreign subsidiaries in Germany and the Netherlands, (2) adidas's litigation against other parties in the United States in which

adidas asserts the use of different stripe designs on apparel and shoes infringes adidas's Three-Stripe Mark, and (3) correspondence between Nike's in-house counsel and adidas's in-house counsel expressing adidas's view that two-stripe apparel designs are confusingly similar to adidas's Three-Stripe Mark.

## A. The European Litigation

Nike has submitted evidence that adidas-Salomon has prosecuted trademark claims against Nike's foreign subsidiaries in Germany and the Netherlands in which adidas asserts Nike's use of two stripes on apparel infringes or dilutes adidas's Three-Stripe Mark. On January 20, 2005, a German court entered judgment in favor of adidas-Salomon and ruled that apparel sold by Nike in Germany incorporating two stripes infringed adidas's Three-Stripe Mark. Nike plans to appeal that ruling. A similar action by adidas-Salomon against a Nike subsidiary is pending in the Netherlands. It is undisputed that the Three-Stripe Mark adidas seeks to protect in Germany and the Netherlands is the same Three-Stripe Mark that adidas asserts it owns in the United States. It is also undisputed that Nike sells apparel in the United States with the same two-stripe design as the apparel at issue in the European actions.

Courts are divided as to whether litigation or the threat of litigation in a foreign forum on a corresponding foreign patent or trademark is sufficient to support a reasonable apprehension

7 - OPINION AND ORDER

of litigation in the United States. For example, in *Teva Pharmaceuticals*, the court held foreign patent litigation was relevant to the analysis of a plaintiff's reasonable apprehension. 301 F. Supp. 2d at 822. *See also*, *Ethicon, Inc. v. American Cyanamid Co.*, 369 F. Supp. 934, 937 (D.N.J. 1973) (litigation on foreign counterpart patent alone is sufficient to support a reasonable apprehension of litigation in the United States). Other courts have held to the contrary. *See, e.g.*, *Gates Energy Prod. v. Yuasa Battery Co.*, 599 F. Supp. 368, 374 (D. Colo. 1983)(threat of litigation for infringement of a United States patent cannot be inferred from litigation on a corresponding foreign patent).

Under the circumstances of this case, this Court concludes the European litigation is relevant to the analysis of Nike's reasonable apprehension because the European litigation demonstrates (1) adidas believes Nike's two-stripe apparel designs infringe and/or dilute adidas's Three-Stripe Mark and (2) adidas is not likely to stand by and allow the sale of Nike's, potentially infringing two-stripe designs.

## B. The United States Litigation

Nike has submitted evidence of numerous actions brought by adidas in the United States against retailers and manufacturers to enforce adidas's rights in its Three-Stripe Mark. The parties disagree as to whether these actions are limited to apparel with

three stripes or include assertions by adidas that other stripe designs infringe its Three-Stripe Mark.

To support its contention that adidas is challenging two-stripe designs in the United States, Nike also submits an August 26, 2004, article from a financial news service that describes one of the United States actions as alleging a jacket with two stripes infringes the adidas trademark. The article quotes an unnamed spokesperson for adidas as saying, "[W]hether people use two or four stripes, it's confusingly similar to our three stripes, and products are connected to our brand which are not our products."

adidas asserts it has never initiated a legal action in the United States alleging that use of two-stripe designs on apparel infringes the Three-Stripe Mark. adidas admits, however, it has brought an action challenging a two-stripe design on shoes.

The Court need not resolve this fact dispute. The Court has reviewed the complaints in the lawsuits identified in the parties' memoranda as well as those included in Nike's Requests for Judicial Notice (#20, #38). The Court concludes Nike's Requests are well-grounded and, therefore, grants them. In light of all of these complaints, the Court concludes a trier of fact could interpret some of the identified actions as challenging designs that contain more or less than three stripes.

In any event, the Court has not found any case in which a

court has held that litigation against unrelated parties is sufficient to support a reasonable apprehension of litigation. In fact, several courts have held that litigation against unrelated parties cannot create a reasonable apprehension of litigation. For example, in *Indium Corp. of Am. v. Semi-Alloys, Inc.*, the Federal Circuit held two prior lawsuits against unrelated parties brought seven years earlier were not sufficient to establish a reasonable apprehension of litigation. 781 F.2d 879, 883 (Fed. Cir. 1985). *See also West Interactive Corp. v. First Data Resources, Inc.* 972 F.2d 1295, 1298 (Fed. Cir. 1992)(two actions against unrelated parties were not sufficient to give the plaintiff an objective reason to fear litigation).

Here the evidence, however, is different from that presented in the above cases. Plaintiff has not merely identified one or two cases brought by adidas in the distant past. Instead Plaintiff has presented evidence of six cases brought in the United States during 2004 and 2005 seeking to enforce adidas's rights in its Three-Stripe Mark. The Court finds these actions brought by adidas, while not dispositive, are relevant to an appropriate analysis of the issue of Nike's reasonable apprehension.

C. **Correspondence Between the Parties**

Nike also submits evidence of correspondence that took place in 2004 between the in-house counsel of Nike and adidas

concerning apparel with two-stripe designs. The correspondence was initiated on February 27, 2004, when Mike Heilbronner, in-house counsel for adidas, sent an email to Kenneth Kwartler, in-house counsel for Nike. Heilbronner identified a particular model of tracksuit pant offered by Nike in Germany and bearing a design with two parallel stripes running down the legs. Heilbronner asked Nike to withdraw this particular tracksuit pant from the German market. Heilbronner noted adidas has "an extremely strong trademark position in Germany, including a judgment supporting our right to prevent athletic pants with 2 parallel bands running down the legs." On March 2, 2004, Kwartler responded by email and asked for additional information from Heilbronner, including a copy of the referenced court decision.

In addition, on April 27, 2004, A. Olie of adidas International Marketing BV, sent a letter to Nike Benelux BV asking it to cease and to desist from marketing clothing items with two-stripe markings that adidas "consider[s] to be confusingly similar to our '3-Stripes' trade marks." Olie included pictures of two products: a pair of shorts and a pair of pants each with two parallel strips running down the legs.

On May 12, 2004, Kwartler rejected adidas's request to withdraw products with two-stripe designs from the market. Kwartler told Olie that Nike did not believe its decorative use

of stripes infringed adidas's rights.  On June 21, 2004, Tim
Behean, Associate General Counsel for adidas International
Marketing B.V., responded to Kwartler's May 12 letter.  Behean
stated Kwartler had "dramatise[d]" adidas's claim.  Behean
describes adidas's demand as limited to "certain specific items
of apparel that we have identified, having a 2 stripe marking.
We seek this withdrawal in Europe - we have made formal protests
in Germany and the Netherlands because this is where we have
identified the products on sale."

Nike argues this record supports its reasonable apprehension
of litigation in the United States because adidas would find the
same identified items on sale here.  A careful reading of the
entire correspondence, however, somewhat undercuts Nike's
position.  Although adidas does not state directly that it will
not bring an action against Nike in the United States, nothing in
the chain of correspondence gives any indication adidas is
contemplating an action against Nike in the United States.  In
addition, adidas's correspondence indicates adidas is primarily
concerned with the European market.

adidas also argues it has "a well-established protocol" for
handling intellectual property disputes with Nike, and, according
to the protocol, the parties engage in an "informal dialogue" in
an attempt to work out any dispute before filing legal action.
Thus, adidas contends Nike cannot have a reasonable apprehension

of possible litigation here because adidas has not initiated any informal discussions with Nike about Nike's use of two-stripe designs in the United States. Nike, however, presented evidence that adidas does not always observe this informal process and previously has brought actions against Nike without prior notice. In any event, there is not any reason why the parties cannot use such a protocol to resolve this litigation on mutually acceptable terms at any time.

To survive adidas's Motion to Dismiss, Nike need only present evidence sufficient to establish a *prima facie* case that this Court has jurisdiction over this matter. The Court finds, based on this record, Nike has satisfied that minimal standard. The European litigation, combined with the numerous actions in the United States against others to enforce the Three-Stripe Mark, is sufficient to give Nike a reasonable apprehension that adidas will seek to enforce its Three-Stripe Mark in the United States. Despite adidas America's argument that the European litigation cannot support Nike's reasonable apprehension that adidas America will bring an action against Nike in the United States because adidas America was not a party to the European litigation, it is apparent from the record that adidas America is active in enforcement of adidas's trademark rights in the United States and would be one of the entities to bring an action against Nike in the event adidas decided to go forward with

litigation in the United States.

Accordingly, the Court concludes the record is sufficient to support Nike's reasonable apprehension as to both adidas America and adidas-Salomon under the *prima facie* standard.

**CONCLUSION**

For these reasons, the Court **DENIES** Defendants' Motions to Dismiss (#10, #30). The Court also **GRANTS** Plaintiff's Requests for Judicial Notice (#20, #38).

IT IS SO ORDERED.

DATED this 21st day of October, 2005.

_____
ANNA J. BROWN
United States District Judge